UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____X
                                        :
MARIA RIOS FUN,                         :
                                        :
                                        :
     Plaintiff,                         :
                                        :
                                        :
     v.                                 :Hon. Stanley R. Chesler, U.S.D.J.
                                        :Hon. Cathey A. Waldor, U.S.M.J
MARITA PUERTAS PULGAR                    :CIVIL ACTION NO.13-03679
ALEXIS AQUINO ALBENGRIN                  ::(SRC)(CLW)
AND ANGELICA PULGAR,                     :
                                        : Motion Day: November 25, 2013
                                        :
     Defendants                         :
_____X

_____

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND MOTION
TO QUASH SERVICE, AND/OR, IN THE ALTERNATIVE, TO DISMISS
AMENDED COMPLAINT FOR LACK OF JURISDICTION, AND/OR, IN THE
ALTERNATIVE, TO DISMISS AMENDED COMPLAINT FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**
_____


                         LAWRENCE C. HERSH
                         Attorney at Law
                         17 Sylvan Street, Suite 102b
                         Rutherford, NJ 07070
                         (201) 507-6300

                         Of Counsel:
                         STEPHEN F. BRENNWALD, ESQ.
                         Brennwald & Robertson, LLP
                         922 Pennsylvania Avenue, S.E.
                         Washington, D.C. 20003

                         *Attorneys for Defendants*

## TABLE OF CONTENTS

Page

**Table of Authorities**

**Factual and Procedural Background**

     A. Material Factual Agreements

     B. Agreements about Legal Conclusions

     C. Summary of Disagreements

**Argument**

     A.  A Defendant requires "permission" to use an immunity defense.

     B. The Plaintiff's arguments that service was somehow revived by serving the counsel of record for Defendant Aquino has  no basis in law.

     C. The (undisputed) absolute immunity Defendant Aquino enjoyed in the initial motion carries over into the second motion, since the Defendant was immune at the time of suit.

     D. Plaintiff's other policy assertions and arguments about the "wrongful concealment" of material facts about Defendant Aquino have no basis in fact or law.

     E. Plaintiff is not entitled to "jurisdictional discovery" as the jurisdictional dispute rests entirely on matters of law and there are no genuine issues of fact with respect to discovery.

**Conclusion**

## TABLE OF AUTHORITES

Page

8 U.S.C. § 1101(a)(15)(T) (i)....................................

Vienna Convention on Diplomatic Relations, April 18, 1961, 23 U.S.T. 3227............

New Jersey Rules of Professional Conduct § 8.3................................................................

Federal Rules of Civil Procedure  4 & 83....................................................................

Local Civil Rule 5.2.................................................................................................

*Eurofins Pharma US Holdings v. Bioalliance Pharma SA,* 623 F.3d 147, 157 (3rd Cir.,

2010)..............................................................................................................................

*Grupo Dataflux v. Atlas Global Group, L. P.*, 541 U. S. 567, 570-71 (2004)................

*Swarna v. Al-Awadi*, 607 F.Supp 2d 509, 514 (2009)..........................................................

*Mollan v. Torrance*, 22 U.S. 537 , 539 (1824)...................................................................

*Nixon v. Fizgerald*, 457 U.S. 731, 742 (1982)...................................................................

*Tabion v. Mufti,* 73 F.3d 535, 539 (4th cir, 1996)..............................................................

*United States v. Butenko*, 384 F.2d 554, 567 (3d cir. 1967)..............................................

*United States v. Enger*, 472 F. Supp. 490, 503-04 (D.N.J., 1978)....................................

Jennifer H. Kappus, Note, Does Immunity Mean Impunity? The Legal and Political

Battle Against Trafficking and Exploitation by Their Foreign Diplomat Employers, 61

CASE W. RES. L. REV. 269, 291 (2010).......................................................................

**Factual and Procedural Background:**

Based upon prior filings in this case, it appears the Plaintiff and Defendants

Albengrin and Marita Pulgar ("Defendants") agree to a number of material facts, and

about several conclusions of law:

A. Material Factual Agreements:

1. This action was filed on June 14, 2013. (Plaintiff's initial Complaint Docket entry [2]).

2. Defendants' initial Motion to Quash Service and/or to in the Alternative, to Dismiss for Lack of Jurisdiction, and/or in the Alternative, to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (hereinafter "first motion to dismiss") was filed on July 1, 2013.

3. Both Defendant Aquino and Defendant Puertas were initially served in this matter on June 14, 2013.

4. As a review of the docket will show, Defendants' second Motion to Quash Service, and/or, in the Alternative, to Dismiss Amended Complaint for Lack of Jurisdiction, and/or, in the alternative, to Dismiss Amended Complaint for Failure to State A Claim Upon Which Relief May Be Granted (hereinafter "second motion to dismiss") was filed on August 5, after Plaintiff had both filed the July 22, 2013 amended complaint, and moved to strike the first motion to dismiss as moot because of the amended complaint.

5. Furthermore Defendants agree that Defendant Angelica Pulgar has not yet been served.[1]

6. Finally, the only additional "service" Plaintiff has attempted to effect on Defendant Aquino is the "service" of the amended complaint (by ECF) on

---

1  Undersigned counsel do not represent Defendant Angelica Pulgar.

Defendant Aquino's attorney on July 22, 2013.

7.

   B.  Agreements About Legal Conclusions

8.  Plaintiff and Defendants agree that absolute diplomatic immunity would

   protect those who hold it from all claims in this case, as both parties admit

   that the "commercial activity" exception to diplomatic immunity does not

   apply here.

C.  Summary of Disagreements

Despite the above agreements between the parties (excluding, of course, the

unserved Defendant), Plaintiff and Defendants remain in disagreement about how

immunity should apply in this case as to either of the currently served Defendants.  As

Defendants argued in both their first and second motions to dismiss, both Defendants

were, at the time suit was filed, at the time of the initial service of process, and at the time

the motion to dismiss was filed, entitled to full absolute immunity due to their status as

diplomatic agents.  Defendants thus argued that service of process on them was improper,

and that this Court lacks jurisdiction over the claims because of immunity.  In support of

the motions to dismiss, Defendants attached as yet unchallenged letters from the United

States Mission to the United Nations showing the full immunity status of both

Defendants.

In her opposition, Plaintiff all but admits that Defendant Puertas is currently

immune from suit.  While Plaintiff's opposition states that she has been "unable to

determine" the actual diplomatic status of Defendant Puertas, she has offered no evidence

to controvert the letter from the United States Mission to the United Nations.  She also makes no argument that Defendant has left the country or her post, nor has she offered any other reason to doubt Defendant Puertas's immunity other than the supposed "lack of permission" to use that status as a defense.

Plaintiff argues at length that Defendant Aquino's immunity has ended, and that Plaintiff should, therefore, be allowed to prosecute her claims against him.  She appears to argue that the operative motion to dismiss is Defendants' second motion, as opposed to their first motion, and that at the time of the second motion, Defendant Aquino had already left the country, and could no longer benefit from the absolute immunity he enjoyed when the case was filed and served on him.

As to the service of process issue, Plaintiff tacitly admits that at the time Aquino was first served, he had not yet left his post at the United Nations, and was therefore immune from service.  Plaintiff argues, however, that the improper service of the complaint on Aquino was somehow revived or cured by the "service" of the amended complaint by ECF on Defendants' counsel.

Plaintiff also seeks "jurisdictional discovery" on the immunity issues in this case.

Finally, and in an apparent attempt to bolster her other arguments and/or gain sympathy from this Court, Plaintiff accuses Defendants of "withholding" facts from the Court and the opposing party. See Plaintiff Opp. at 2-4, 13.  *See also* i*d* at 6 & n 10.

In sum, Plaintiff's opposition to the second motion to  dismiss argues that a) as to both Defendants, immunity should not apply where no "permission" to use such a defense was given by the Embassy of Peru; b) as to Defendant Aquino, any defect in the

service of process was "cured" by new "service" issued by ECF on Aquino's counsel; c) as to Defendant Aquino, immunity no longer applies because the amended complaint and motion to dismiss were filed after Plaintiff's immunity had lapsed; d) policy, as well as Defendants' supposed "wrongful withholding" of facts related to Defendant Aquino should preclude immunity and e) in any event, the Plaintiff should be entitled to "jurisdictional discovery" prior to the disposition of this motion.

## II. Argument

   A.  *A diplomat does not require "permission" to use an immunity defense.*

   As to both Defendants, Plaintiff appears to argue that because Defendants allegedly never received "permission" or gave notice to their embassy that they intended to use an immunity defense, immunity should not apply.[2]  The only authority Plaintiff cites is the general proposition that the ultimate beneficiary of immunity is the sovereign country, not the diplomat, and that, therefore, the sovereign country can refuse that immunity status to one of its diplomats.  *See* Opp. at n. 8 (citing Vienna Convention on Diplomatic Relations, April 18, 1961, 23 U.S.T. 3227, Art. 32(1) (hereinafter "Convention" or "the Convention"), *United States v. Butenko*, 384 F.2d 554, 567 (3d Cir. 1967).  However, the Convention's language regarding waiver of immunity does not translate into a provision requiring "permission" before immunity can be claimed. Furthermore, the Convention's requirements that any waiver be "express" and that a

---

2  Notably, even Plaintiff never explicitly says immunity should not apply because of the lack of notice to the Peruvian embassy in the United States or the lack of "permission." However, Defendants can see no other reason why this argument appears in the Plaintiff's opposition brief and will therefore address this implied argument.

separate waiver is required for "execution of the judgment" do not imply that a diplomat

must actively seek "permission" to plead an immunity defense.  Convention Art. 31(2) &

4.

Therefore, Plaintiff's argument that immunity should fail because of a purported

lack of "permission" to use that defense fails as a matter of law.

*B. Plaintiff's Argument that Service on Defendant Aquino was Somehow Revived*
*by Serving his Counsel of Record has  no Basis in Law.*

Plaintiff all but concedes that the initial service on both Defendants in this case on

June 14, 2013 must be quashed because Defendants clearly still enjoyed diplomatic

immunity as of that date.  *See* Opp. at 13-14; s*ee Swarna v. Al-Awadi,* 607 F.Supp 2d 509,

514 (2009) (explaining that the initial suit had to be dismissed despite the fact that the

diplomat had left his post because service was effected prior to the diplomat's departure

from the country); *see also Tabion v. Mufti*, 73 F.3d 535, 539 (4th Cir. 1996) (affirming

the quashing of ***service of process*** on diplomatic-immunity grounds).

Despite this, Plaintiff argues that service was somehow cured (at least as to

Defendant Aquino) or revived when the amended complaint in this case was filed by ECF

and thus "served" on counsel for Defendant Aquino.  Plaintiff generally cites the local

rule of this Court that state that any service on a party, after the initial service of process,

is to be made by ECF.  Opp. at 13-14 (citing Local Civ. Rule 5.2).   However, as the rule

clearly states, original process is excluded, not included, from its scope.  *See* Local Civ.

Rule 14.2(a) (exempting initial process from scope of Local Civ. Rule 5.2).  Thus, Local

Civ. Rule 5.2 cannot cure defective original process.  Further, Federal Rule of Civil

Procedure 4 lists the exclusive methods for initial service of process in federal court, and

ECF is not one of those methods.  It is axiomatic, of course, that local rules cannot

override the federal rules in such instances.  *See* Federal Rule of Civil Procedure 83(a)

(discussing local rules).

In the final analysis, it is clear that the initial service of process on each Defendant

was invalid, such that their argument regarding immunity from service of process remains

with them.  For that reason, this suit against them must be dismissed.

*C.  The (undisputed) Absolute Immunity Defendant Aquino Enjoyed in the Initial*

*Motion Carries over into the Second Motion to Dismiss, Because the Defendant was*

*Immune at the Time of the Filing of this Suit.*

Even were it not for the above service of process problems discussed *supra* - this

suit must still be dismissed because Defendants were immune at the time of initial filing

of this suit.  As the Plaintiff all but concedes in her request for jurisdictional discovery,

the question of immunity in this case is one of jurisdiction.  *See* Opp. at 14-15; s*ee also*

*United States v. Enger, 472 F. Supp. 490, 503-04 (D.N.J. 1978);* Convention at Art. 31(1)

(providing that the immunity is from the "***jurisdiction***" of the courts).  As the *Enger* court

explained, "[d]iplomatic immunity in its contemporary aspect may be broadly defined as

the freedom from local jurisdiction accorded under principles of international law by the

receiving state to the duly accredited diplomatic representatives of other states").

As the Supreme Court has recently explained, "[i]t has long been the case that 'the

jurisdiction of the court depends upon the state of things at the time of the action

brought.'  This time-of-filing rule is hornbook law (quite literally) taught to first-year law

students in any basic course on federal civil procedure." *Grupo Dataflux v. Atlas Global Group, L. P.,* 541 U. S. 567, 570-71 (2004) (footnotes omitted) (citing *Mollan* v. *Torrance,* 22 U.S. 537, 539 (1824)) . The Court in *Grupo Datafulx* went on to emphasize that "we have adhered to the time-of-filing rule ***regardless of the costs it imposes***." *Id at 571 (emphasis added).*

Plaintiff's argument that (absolute) immunity no longer applies to Defendant Aquino is clearly based on the claim that Defendant left his post at the mission on June 30, 2013 and then left the country on July 10, 2013. *See* Opp. at 2-3 & 8-10. However, the Convention clearly extends the absolute form of immunity for a reasonable period of time after a diplomat has left his post, to allow that diplomat to leave the country. Convention Art 39(2). Because this action was initially filed on June 14, 2013, Plaintiff's argument that Defendant Aquino's alleged change of status on July 10, 2013, and the later filing of an amended complaint *in the same suit* cures jurisdiction, fails as a matter of law, based on the undisputed time-line and the legal requirement to analyze jurisdictional matters **at the time of filing *regardless of the costs it imposes*.**

*D. Plaintiff's other policy assertions and arguments about the "wrongful" "concealment" of material facts about Defendant Aquino, have no basis in law.*

In an attempt to bolster her argument, Plaintiff's opposition brief includes several policy pleas about Plaintiff's right to have her grievances redressed and even to have a "speedy" resolution of those grievances.[3]  *See e.g.* Opp. at 5-6 & n.10 (citing Jennifer H.

---

3        A speedy resolution is of course impossible. Even if this Court were to rule that immunity does not apply, Defendants would have a right to interlocutory appeal of a

Kappus, Note, Does Immunity Mean Impunity? The Legal and Political Battle Against Trafficking and Exploitation by Their Foreign Diplomat Employers, 61 CASE W. RES. L. REV. 269, 291 (2010).  These arguments are an attempt to litigate policy on diplomatic immunity in the Courts, when that policy is rightly a matter for the political branches.[4] As the Fourth Circuit explained, "it must be remembered that the outcome merely reflects policy choices already made. Policymakers in Congress and the Executive Branch clearly have believed that diplomatic immunity not only ensures the efficient functioning of diplomatic missions in foreign states, but fosters goodwill and enhances relations among nations." *Tabion v. Mufti*, 73 F.3d 535, 539 (4th cir, 1996).

Similarly, Plaintiff's assertions that Defendants "wrongfully" withheld information or made arguments as to immunity after Defendant Aquino left his mission and the country are irrelevant as well as incorrect.  They are irrelevant because Plaintiff gives no reason why the Defendant may not use that defense if the defense is warranted. Furthermore, Defendants' counsel may have an ethical responsibility to disclose facts adverse to themselves to avoid assisting an illegal act, or in an *ex parte* proceeding.  New Jersey Rules of Professional Conduct § 8.3(a)(2) & (d).  However, only adverse legal authority - not adverse facts, need be disclosed in an adversarial proceeding.  § 8.3(a)(3). Furthermore, it is incorrect to state that Defendants wrongfully stated that the amended

denial of a motion to dismiss based on immunity. *See Nixon v. Fizgerald*, 457 U.S. 731, 742 (1982).

4       Furthermore, it should be noted, that despite the sympathetic-sounding facts pleaded by Plaintiff, it is well known that one visa category to the United States is for victims of human trafficking. 8 U.S.C. § 1101(a)(15)(T)(i).  Thus, the rather black and white picture painted by the Plaintiff in her pleadings and briefs may actually be entirely immigration-motivated.

complaint did not change the immunity issues in this case, as both Defendants currently

represented by undersigned were immune from service and suit both at the time of filing

and service. (S*ee supra*), and counsel was unaware of the time of Aquino's departure

from this country.

      Plaintiff's extra-legal policy arguments and incorrect assertions of unethical

behavior should therefore be summarily ignored.

      *E. Plaintiff is not entitled to "jurisdictional discovery" as the jurisdictional*

*dispute rests entirely on matters of law and there are no genuine issues of fact to*

*discovery.*

      The Plaintiff argues that even if there is a bona fide immunity claim on the part of

Defendants, she is entitled to discovery on that issue alone.  Opp. at 14-15.  Plaintiff is

certainly correct that if a genuine dispute as to the factual underpinnings of a

jurisdictional defense exist, she would be entitled to such "jurisdictional discovery."

However, Plaintiff has not made out the case for  a bona fide dispute on the jurisdictional

facts.  Plaintiff all but admits that both represented Defendants were immune until at least

June 30 when Defendant Albegrin left the mission.  *See supra.*  Defendants produced

unchallenged letters from the United States Mission to the United Nations as to their

immunity status with the first motion to dismiss.  Defendants first motion to dismiss at

exhibit 1.  Moreover, Plaintiff's exhibits filed with her opposition brief do not question

the immune status of Defendants at the date of service and filing, merely reciting the idea

that there was no "notice" or "permission" of using the defense.   *See* Opposition Brief

exhibit 2).  Furthermore, there is no dispute as to the procedural facts of when the suit

was filed, when the amended complaints were filed, and when "service" occurred (by ECF or otherwise).

Thus, while Plaintiff would indeed be entitled to discovery on legitimate material jurisdictional facts-none are actually in dispute here and she is therefore not entitled to it here. *Eurofins Pharma US Holdings v. Bioalliance Pharma SA*, 623 F.3d 147, 157 (3rd Cir., 2010) (explaining "[a] plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery").

### III.     Conclusion

Neither the law of immunity as it applies to Defendants at the relevant times of filing and service nor the factual underpinnings of the immunity issue are materially in dispute and the suit should be dismissed with regard to those Defendants.

Respectfully submitted,

/s/ Lawrence Hersh
Lawrence Hersh
17 Sylvan Street, Suite 102B
Rutherford, New Jersey 07070
(201) 507-6300

Of Counsel:
Stephen F. Brennwald, Esq.
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, S.E.
Washington, D.C. 20003

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ninth day of September 2013 a copy of the forgoing was served on all parties by ECF.

/s/

Lawrence Hersh