UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARIA RIOS FUN,                              :
                                             :
                    Plaintiff,               :
                                             :      **Civil Action No. 13-3679**
v.                                           :      **(SRC) (CLW)**
                                             :
MARITA PUERTAS PULGAR and ALEXIS             :      **OPINION**
AQUINO ALBEGRIN,                             :
                                             :
                    Defendants.              :
                                             :
                                             :

**CHESLER,** District Judge

      This matter comes before the Court on Defendants' Motion to Dismiss the Complaint and Quash Service of Process on the grounds that Defendants are diplomatically immune from suit. Plaintiff Maria Rios Fun, a domestic worker from Peru, brought this suit against her former employers, Marita Puertas Pulgar, Marita Pulgar's partner, Alexis Aquino Albegrin, and Marita Pulgar's mother, Angelica Pulgar. Plaintiff brings suit under federal and New Jersey RICO laws, the Trafficking Victims Protection Act of 2000, the Fair Labor Standards Act ("FLSA"), New Jersey State Labor Laws, N.J. Stat. §§ 34:11–56a4, 34:11–56a25, and for common law breach of contract, conversion, fraud, and unjust enrichment. Plaintiff also seeks a restraining order against Defendants on the basis of harassment. For the reasons explained below, the Court grants Defendants' motions and dismisses the complaint without prejudice to re-file the claims when the Defendants are no longer diplomatically immune from suit.

1

I.  **BACKGROUND**

Plaintiff alleges that Defendant Angelica Pulgar initially invited her around December 2011 or January 2012 to be a domestic worker in Defendants' household. (Compl. 9). Defendant Puertas Pulgar followed up on her mother's offer in August or September 2012 to formally offer Plaintiff the position of live-in domestic worker for Defendants, which Plaintiff accepted. (Compl. 9). Plaintiff alleges that Defendants described favorable terms and working conditions and supplied her with an employment contract (the "Contract") in September 2012 that Defendants had no intention of honoring. (Compl. 9). The Contract contained detailed provisions covering all aspects of Plaintiff's employment. (Compl. 10–14). The Defendants purchased and arranged for Plaintiff's transportation to the United States, and arranged for her to obtain a passport and visa. (Compl. 10). Once Plaintiff arrived in the United States, Defendants confiscated her passport and put her immediately to work. (Compl. 10). Plaintiff alleges, in sum, that Defendants' actions created a human trafficking and alien harboring enterprise in order to take advantage of her service as an underpaid domestic servant. (Compl. 8). On April 27, 2013, Plaintiff was permitted to take a day off and contacted the National Human Trafficking Resource Center hotline, and upon information provided to her decided not to return to the Defendants' New Jersey home. (Compl. 21–22).

Plaintiff initially filed this suit against Defendants on June 13, 2013, seeking damages and injunctive relief for being trafficked into the United States by Defendants and forced to work against her will as their domestic servant for over six months. Defendants Puertas Pulgar and Aquino Albegrin were served on June 14, 2013, and filed a motion to quash service of process and dismiss the complaint, asserting that each are

members of the "diplomatic staff" of the Permanent Mission of Peru to the United Nations and entitled to absolute diplomatic immunity under the Vienna Convention of 1961.  (Def.'s Br. at 2).  Defendants' Motion also relies upon a decision from the United States Court of Appeal for the Fourth Circuit, Tabion v. Mufti, 73 F.3d 535 (4th Cir. 1996), which expressly holds that the commercial activity exception in Article 31 of the Vienna Convention applies to conduct undertaken for profit, and employment of a domestic servant does not void diplomatic immunity.  See id. at 538.

The Court received a letter from the United States Mission to the United Nations in New York dated June 25, 2013, that certifies the status of Defendants Puertas Pulgar and Aquino Albegrin as Counselors to the Permanent Mission of Peru to the United Nations and as diplomatic agents entitled to immunity.  (Brennwald Dec. at 1).  On June 30, 2013, Defendant Aquino Alebgrin's post as Counselor was allegedly terminated by the Peruvian Mission.  (Pl.'s Br. at 2).  Plaintiff then filed an Amended Complaint on July 22, 2013; the validity of its service is the subject of the present dispute.  Defendants filed the current Motion to Dismiss Plaintiff's First Amended Complaint on August 5, 2013.

**II.      DISCUSSION**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1351, which states that district courts "have original jurisdiction, exclusive of the courts of the States, of all civil actions and proceedings against . . . members of a mission or members of their families."  Tabion v. United States, 386 F.3d 205, 212 (2d Cir. 2004).

Defendant presents one primary argument in favor of dismissal of Plaintiff's complaint: (1) the Vienna Convention provides Defendants with diplomatic immunity

from suit such that service of process must be quashed and the action dismissed. (Def.'s Br. at 2–4).

Plaintiff presents two primary arguments against dismissal of her complaint: (1) Defendant Aquino Albegrin is not protected by diplomatic or residual immunity and the Court thus has subject matter jurisdiction over him; and (2) Defendant Aquino Albegrin was served with the Amended Complaint after his diplomatic immunity had ended and thus service of process was retroactively cured. (Pl.'s Br. at 7–14).

### a.  DIPLOMATIC IMMUNITY

The Vienna Convention, "which governs the privileges and immunities that are extended to diplomatic envoys[,] . . . broadly immunizes diplomatic representatives from the civil jurisdiction of the United States courts." Tabion, 386 F.3d at 212.  In accordance with the treaty, the Diplomatic Relations Act, 22 U.S.C. § 254(d), provides that "[a]ny action or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding under the Vienna Convention on Diplomatic Relations . . . shall be dismissed.  Such immunity may be established upon motion or suggestion by or on behalf of the individual." Id.  If the Court concludes that Defendants are immune, the action must subsequently be dismissed pursuant to 22 U.S.C. § 254(d).

Plaintiff's first argument asserts that Defendants are no longer entitled to diplomatic immunity because Defendant Aquino Albegrin's post as diplomat was terminated prior to service of the Amended Complaint. (Pl.'s Br. at 8–10).  Under Article 4(1) of the Vienna Convention, "[t]he sending State must make certain that the agreement of the receiving State has been given for the person it proposes to accredit as head of the

4

mission to that State." 23 U.S.T. § 3227, art. 4(1). Diplomatic immunity is thus premised upon recognition by the receiving state. See United States v. Kuznetsov, 442 F.Supp.2d 102, 106 (S.D.N.Y. 2006). When determining diplomatic immunity, it is well-settled law that "recognition and certification by the State Department is necessary to establish diplomatic immunity." See id.

Defendants submitted certification from the United States Department of State which certifies that Defendants were appointed by the Permanent Mission of Peru to the United Nations in New York as Counselors as of July 16, 2010, and continued to serve in that capacity at the time of attempted service of the initial Complaint. (Brennwald Dec., Ex. A). The court is "disposed to accept as conclusive of the fact of diplomatic status of an individual claiming an exemption, the views thereon of the political department of their government." Gonzalez Paredes v. Vila, 479 F. Supp. 2d 187, 192 (D.C. Cir. 2007). This certification thus appropriately documents Defendants' diplomatic status.

Plaintiff further asserts that Defendants did not have permission from the Government of Peru to raise the defense of diplomatic immunity and that Defendants misleadingly omitted the material fact that their diplomatic post was terminated, therefore diplomatic immunity can no longer be enjoyed. (Pl.'s Br. at 3–4). However, it is "enough that [Defendants have] requested immunity, that the State Department has recognized that the person for whom it was requested is entitled to it, and that the Department's recognition has been communicated to the court." See Gonzalez Paredes, 479 F. Supp. 2d at 192. Despite termination of Defendants' status as diplomats, diplomatic immunity validly applied at commencement of the suit and service of the initial Complaint, and "once the United States Department of State has regularly certified a visitor to this

country as having diplomatic status, the courts are bound to accept that determination, and [ ] diplomatic immunity flowing from that status serves as a defense to suits already commenced." See Abdulaziz v. Metropolitan Dade Cty., 741 F.2d 1328, 1329–30 (11th Cir. 1984) (affirming dismissal of action on basis of proof of diplomatic immunity at time of commencement); see also Swarna v. Al-Awadi, 607 F.Supp.2d 509, 514 (S.D.N.Y. 2009) (explaining that initial suit was properly dismissed for lack of subject matter jurisdiction despite the fact that the diplomat had left his post because service was effected prior to the diplomat's departure).  The certification of Defendants' status of diplomats by the State Department prior to service of the Amended Complaint therefore applies throughout the continuation of the suit, making Defendants immune from subject matter jurisdiction in this Court.

Additionally, Defendants properly asserted that the "commercial activity" exception in Article 31(1)(c) of the Vienna Convention does not apply to the hiring of a domestic employee, therefore immunity is neither waived nor eliminated.  See Mufti, 73 F.3d at 538 (holding that the employment of a domestic servant does not void diplomatic immunity).  Thus, Defendants sufficiently proved they were entitled to absolute diplomatic immunity, and because diplomatic immunity serves as a valid defense for the duration of suits already commenced, the issue of residual immunity need not be reached.

      b.  SERVICE OF AMENDED COMPLAINT

Plaintiff's second argument contends that while Defendants were entitled to diplomatic immunity at the time of service of the initial Complaint, service of the First Amended Complaint was proper because Defendants' status as diplomats had been since terminated. (Pl.'s Br. at 13–14).  This argument is inherently invalid.  Under Tabion v.

Mufti, the initial service of process would have been appropriately quashed on diplomatic immunity grounds, and the action dismissed. Id. at 539; 22 U.S.C. § 254(d). Defendants properly demonstrated, and Plaintiff does not contest, that Defendants were entitled to diplomatic immunity in accordance with the Diplomatic Relations Act at the time of commencement of the suit. Under Abdulaziz, Defendants' immunity protects them throughout the duration of the suit, making the initial and any subsequent attempts at service defective, and without effective service this Court lacks jurisdiction over them. See Abdulaziz, 741 F.2d at 1329–30. Changes in Defendants' employment status as diplomats after commencement of the suit cannot retroactively cure the defect in service resulting from their immunity. Nor can Plaintiff's effort to cure the defect by serving Defendants' counsel following counsel's entry of an appearance to contest the defective service, retroactively cure the problem. In conclusion, Plaintiff's service of the Amended Complaint failed to cure the initial defective service, and Defendants remained protected by the absolute diplomatic immunity that existed at the time of attempted initial service.

Accordingly, Defendants' Motions to Dismiss the initial Complaint and the Amended Complaint for lack of jurisdiction and to quash service of process will be granted. This action will be dismissed without prejudice to allow Plaintiff to re-file the claims and serve the Defendants when Defendants are no longer diplomatically immune from suit.

   s/Stanley R. Chesler  
STANLEY R. CHESLER, U.S.D.J.

Dated: 1/14/14